UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TYRONNE WALLACE, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE BANK (USA), N.A., <br><br> Defendant. | CIVIL COMPLAINT <br><br> Case No. <br><br> DEMAND FOR JURY TRIAL |

**COMPLAINT**

TO THE HONORABLE COURT:

Now comes, Plaintiff, Tyronne Wallace ("Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, Capital One Bank (USA), N.A. ("Defendant"), alleging as follows:

**INTRODUCTION**

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and for Defendant's unlawful conduct in violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §§ 392 *et seq.*

2. The TCPA was legislated to prevent companies like Chase Bank USA, N.A. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

**JURISDICTION AND VENUE**

3. Since Defendant conducts business in the state of Texas, this Honorable Court has personal jurisdiction over Defendant.

4. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Supplemental jurisdiction over the state law claim exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this United States District Court pursuant to 28 U.S.C §1391(b)(2) because Plaintiff resides within the Southern District of Texas and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

**PARTIES**

6. Plaintiff is a natural person residing in Fort Bend County, in the city of Rosenberg, Texas, and is otherwise *sui juris*. He is a "person" as defined by 47 U.S.C § 153(39).

7. Defendant is a nationally chartered bank with its principal place of business in Glen Allen, Virginia.

8. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

9. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

10. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

11. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (832) XXX-7369.

12. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (866) 953-7906 and (800) 955-6600.

13. Upon information and belief based on the manner, frequency and timing of the calls, Defendant's calls were placed with an automatic telephone dialing system.

14. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Tyronne Wallace.

15. Defendant's automated calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. On or about June 4, 2018, Plaintiff called Defendant's company at phone number (866) 953-7906, spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular telephone.

19. During the conversation, Plaintiff gave Defendant his full social security number, birthdate and telephone number, in order to assist Defendant in identifying him and accessing Plaintiff's accounts before asking Defendant to stop calling his cellular telephone.

20. In his conversation with Defendant's representative on June 4, 2018, Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system. Defendant's representative acknowledged Plaintiff's request and assented to by indicating that Capital One would stop calls to his cell phone.

21. Despite Plaintiff's request to cease calling his cellular phone, Defendant continued to place collection calls to Plaintiff after June 4, 2018.

22. Defendant continued to place collection calls to Plaintiff on his cellular telephone at least through November 2018.

23. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least two hundred twenty-three (223) telephone calls via the use of an automatic telephone dialing system to Plaintiff's cellular telephone. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment, despite his articulated inability to pay.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(B)

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

26. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Tyronne Wallace, respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A., as follows:

a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: two hundred twenty-three (223) for a total of one hundred eleven thousand five hundred dollars ($111,500.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(3)(C)

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

29. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Tyronne Wallace, respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A., as follows:

    a. Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: two hundred twenty-three (223) for a total of three hundred thirty-four thousand five hundred dollars ($334,500.00);

    b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

    c. Granting Plaintiff such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION
### DEFENDANT VIOLATED THE TDCA
### TEX. FIN. CODE § 392.001 *et. seq.*

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

33. Defendant violated the Texas Debt Collection Act, Tex. Fin. Code § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass Plaintiff at the called number.

34. The aforementioned egregious conduct caused Plaintiff considerable anxiety and distress after having expressed to Defendant his admitted inability to pay the debt and his desire not to be called to his cellular phone.

35. The nature and volume of phone calls would naturally cause an individual to feel oppressed and, even more so, after the individual had expressed his desire not to be inconvenienced with calls to his cellular phone. Upon being told to stop calling, Defendant had good cause to stop its campaign of collection calls to Plaintiff. Yet, Defendant consciously chose to ignore Plaintiff's expressed will, and continued placing calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, Tyronne Wallace, respectfully requests judgment be entered against Defendant, Capital One Bank (USA), N.A., as follows:

a. Awarding Plaintiff statutory damages of $100.00 for knowing/willful violation of the Texas Debt Collection Act;

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Litigation costs and reasonably billed attorney's fees as Plaintiff's substantive remedy; and

d. Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

Dated: December 27, 2018.                    Respectfully submitted,

| By: */s/ Peter Cozmyk* | By: */s/ Carlos C. Alsina* |
|---|---|
| Peter Cozmyk | Carlos C. Alsina-Batista |
| Attorney for Plaintiff | Attorney for Plaintiff |
| COZMYK LAW OFFICES, LLC | *Pro hac vice* application to follow |
| 6100 Oak Tree Blvd., Ste. 200 | The Law Offices of Jeffrey Lohman, P.C |
| Independence, OH 44131 | 4740 Green River Rd., Ste 310 |
| P: (877) 570-4440 F: (216) 485-2125 | Corona, CA 92880 |
| E: Pcozmyk@cozmyklaw.com | T: (657) 363-3331 F: (657) 246-1311 |
| | E: CarlosA@jlohman.com |